James A. COX; Mabel H. Cox; Cynthia S. Cox Johnson; Keith A. Cox, Plaintiffs–Appellants,

v.

J. Carroll COLLINS, Defendant–Appellee.

No. 92–1393.

United States Court of Appeals, Fourth Circuit.

Argued March 30, 1993.

Decided Oct. 12, 1993.

Gary L. Bengston, Danville, VA, argued, for plaintiffs-appellants.

Glenn Lee Berger, Shreve & Berger, Altavista, VA, for defendant-appellee.

Before WILKINSON, Circuit Judge, SPROUSE, Senior Circuit Judge, and HILTON, United States District Judge for the Eastern District of Virginia, sitting by designation.

## OPINION

HILTON, District Judge:

Appellants James Cox, Mabel Cox, Cynthia Cox Johnson, and Keith Cox sued J. Carroll Collins alleging violations of section 10(b) of the Securities Exchange Act of 1934, 15 U.S.C. § 78j(b), and a pendent Virginia count of fraud. Collins solicited appellants as investors for his employer Danville Finance, an investment firm owned by Melvin Jones, of which Collins was a Vice President. Nancy A. Denny filed a similar suit against Collins. The District Court consolidated the two cases.

Trial was held on the securities violation, S.E.C. Rule 10b–5, 17 C.F.R. § 10b–5, and the common law fraud claim. Plaintiffs made a Motion for Judgment as a Matter of Law at the conclusion of the evidence. The court granted the motion in part by ruling that the financial health of the corporation and whether the investments were insured constituted material facts.

The court submitted the case to the jury with special verdict forms under Fed. R.Civ.P. 49(a). The jury found that Mr. Collins violated Rule 10b–5 and committed fraud with respect to Mrs. Denny and awarded her actual damages of $30,000, emotional

distress damages of $2,400, and punitive damages of $1,000. The jury ruled against the Coxes.

The court excused but did not discharge the jury and allowed ten days for written motions. Plaintiffs filed objections to the instructions and to the special verdict as well as a renewal of a Motion for Judgment as a Matter of Law, a Motion for a Mistrial and a Motion for a New Trial based on Inconsistent Verdict. The court then denied the motions, approved and recorded the jury verdicts, and discharged the jury.

Appellants contend that the court erred by refusing to instruct the jury that it was presumed that the Coxes relied upon material omissions, not declaring a mistrial for allegedly inconsistent verdicts, and denying their motion for judgment as a matter of law.

The court told the jury the elements of a 10b–5 securities claim: 1) that the defendant made a misrepresentation of a material fact or failed to state a material fact in connection with the securities transactions in this case; 2) that the defendant acted knowingly; 3) that each plaintiff justifiably relied upon the defendant's misconduct; and 4) that each plaintiff suffered damages as a result of the defendant's conduct. *See Myers v. Finkle,* 950 F.2d 165, 167 (4th Cir.1991).

The court then described each element within the context of the defendant's alleged misstatements and omissions. Regarding the element of reliance, the court said:

the plaintiff must prove that he in fact relied upon the false statements or material omissions, and if you find that the plaintiff would have engaged in the transaction anyway, even if he had known of the misrepresentation, or it had not been—or that the affirmative misrepresentation had no effect on his decision to invest, then there would be no reliance. Also, the plaintiff must prove that reliance was justified.

Following the jury instructions and out of the presence of the jury, appellants' counsel objected to the reliance instruction. He said:

It was my understanding that the court was going to instruct on the securities side, on the reliance part, some language about omissions, the language on omissions, that failing—would they have—let me get my language—get my head straight. The language that I thought the court was going to be talking about on reliance was would they have acted differently had the information been given to them, the omitted information given.

The court responded:

Well, this is what I told them, and I think this is the law. To satisfy the third element of plaintiff's claim, justifiable reliance, the plaintiff must prove that he in fact relied upon the false statement or the material omission. If you find that the plaintiff would have engaged in the transaction anyway, and that the misrepresentation had no effect upon his decision, then there was no reliance.

Appellants' counsel replied:

Yes, sir, but the next—right after that, it was the next sentence, that if they would have acted otherwise because of a misstatement—because of the omission. I'm sorry. Those are the things that I thought the court was going to instruct and that I wanted to get in.

After resolving other issues with the attorneys, the court called the jury back into the courtroom and gave the following supplemental instruction:

I may not have been clear (at least the lawyers tell me they didn't hear it that way) in talking to you about the element of reliance in the securities claim. I talked with you regarding an affirmative misstatement, if the plaintiff relied on that and would not have invested, then that would be justifiable reliance. I did not include the negative, that if there were a material omission, and that omission would have changed the plaintiff's investment decision, that would also be a justifiable reliance, even though it's negative.

Appellants argue that the District Court erroneously refused to instruct the jury that there is a presumption that appellants would have relied on the information that was not revealed or misrepresented, if the jury found that information to be material. *See Affiliated Ute Citizens v. United States,* 406 U.S. 128, 92 S.Ct. 1456, 31 L.Ed.2d 741 (1972). Reliance on *Affiliated Ute* is misplaced. The *Affiliated Ute* presumption of reliance is not warranted in a Rule 10b–5 case when the

plaintiff alleges both nondisclosure and positive misrepresentation instead of only nondisclosure as in *Affiliated Ute. Cavalier Carpets, Inc. v. Caylor*, 746 F.2d 749, 756–757 (11th Cir.1984); *Finkel v. Docutel/Olivetti Corp.*, 817 F.2d 356 (5th Cir.1987). Because appellants alleged both nondisclosure and positive misrepresentation, the court properly did not instruct the jury that there was any presumption of reliance in favor of the plaintiffs. Moreover, the court clarified any deficiency in its initial instruction by its supplemental instruction following appellants' objection.

■ Jury verdicts must be upheld if a fair reading of special verdict form answers can be reasonably harmonized in view of the evidence. *Ladnier v. Murray*, 769 F.2d 195 (4th Cir.1985); *Atlantic & Gulf Stevedores, Inc. v. Ellerman Lines Ltd.*, 369 U.S. 355, 82 S.Ct. 780, 7 L.Ed.2d 798 (1962) ("Where there is a view of the case that makes the jury's answers to special interrogatories consistent, they must be resolved that way. For a search for one possible view of the case which will make the jury's finding inconsistent results in a collision with the Seventh Amendment"). The verdicts in this case are easily reconcilable because the Cox family dealt with both defendant Collins and his employer Jones while Nancy Denny dealt only with Collins. Collins' dealings with Keith and Cynthia Cox were distinct from his dealings with Denny. Although James Cox was present at Denny's home at a meeting with Collins, Cox chose to deal with Jones. The verdicts were thus consistent and reconcilable.

■ In reviewing the evidence on a Motion for Judgment as a Matter of Law, the court must give the successful party the benefit of all reasonable inferences and all conflicts in the evidence must be resolved in his favor and conclude that only a verdict for the movant is a reasonable conclusion. *Eastern Auto Distributors, Inc. v. Peugeot Motors of America, Inc.*, 795 F.2d 329, 338 (4th Cir. 1986). It was incumbent upon the Coxes to prove that Collins intentionally or recklessly made false material statements or withheld material information with the intent to deceive. The materiality of the alleged omissions and Collins' alleged knowledge and intent to deceive were questions of fact to be decided by the jury because of the conflicting evidence presented. The District Court therefore properly denied appellants' Motion for Judgment as a Matter of Law.

For the foregoing reasons, the judgment of the District Court is hereby

*AFFIRMED.*